# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| JUSTICE RASIDEEN ALLAH, | Civil Action No. 11-3153 (MAS) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| GREG BARTKOWSKI et al, | |
| Defendants. | |

This matter comes before the Court upon Plaintiff, Justice Rasideen Allah's ("Plaintiff") motion to file an amended complaint against Defendants Greg Bartkowski, Michele R. Ricci, Christopher Holmes, William Moliens, James [Jimmy] Barnes, Crystal Ann Raupp, Dr. Flora Defilippo, Mr. Zell, Thomas Steckel, Hatima Ismail, Ruben Ortiz, Captain B. Kennedy and Lieutenant Alaimo, (collectively, "Defendants") (Docket Entry No. 110). Defendants have not filed an opposition to Plaintiff's motion. The Court has fully reviewed and considered all arguments made in support of, and in opposition to, Plaintiff's motion. The Court considers Plaintiff's motion without oral argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth more fully below, Plaintiff's motion to file an amended complaint is GRANTED.

**I.  Background and Procedural History**

On June 2, 2011, Plaintiff filed a complaint against Defendants alleging violations of the Eight Amendment and the due process clause of the Fourteenth Amendment due to his placement in the Management Control Unit ("MCU") of the New Jersey State Prison. (Docket Entry No. 1). Upon its *sua sponte* screening of the Complaint pursuant to 28 U.S.C. §1915(e)(2), the District Court dismissed all claims finding that Plaintiff failed to state a claim upon which

relief could be granted. (Docket Entry No. 8). Plaintiff filed a motion for reconsideration (Docket Entry No. 10) which was denied (Docket Entry No. 13). Plaintiff appealed (Docket Entry No. 15) and the Third Circuit vacated the dismissal and remanded the case (Docket Entry No. 20). Defendants then filed two motions to dismiss (Docket Entry Nos. 81 and 83). Plaintiff's counsel filed his notice of appearance on October 16, 2015 (Docket Entry No. 84) and filed opposition to the motions to dismiss on November 2, 2015 (Docket Entry No. 86). The District Court denied both motions to dismiss on April 21, 2016. (Docket Entry Nos. 92 and 93). Defendants then filed answers on May 20, 2016 and May 23, 2016. (Docket Entry Nos. 97 and 98). The Court entered a scheduling order on July 13, 2016 setting a fact discovery end date of January 31, 2017. (Docket Entry No. 102). Plaintiff filed the instant motion on February 15, 2017.

### A. Plaintiff's Motion to Amend

Plaintiff seeks to amend his complaint to:

1) Add ten additional Defendants "who significantly contributed to the enactment and enforcement of policies and practices that have caused Plaintiff and similarly situated prisoners considerable suffering";
2) Add information regarding international standards of cruel, inhuman and degrading treatment with respect to solitary confinement;
3) Add further elaborations about Defendants' willful ignorance or deliberate indifference toward Plaintiff and similarly situated victims in the MCU;
4) Reorganize the original complaint "with much of the same language for clarity's sake"; and
5) Supplement the original complaint by adding information regarding events post the 2011 pro se filing by Plaintiff.

*Pl.'s Br. in Supp. of Mot.* at 2.

Plaintiff notes that he does not seek to add any new legal theories. *Id*. The ten additional Defendants that Plaintiff seeks to add are Chris Christie-the Governor of New Jersey[1], Gary

---

[1] Plaintiff incorrectly describes Chris Christie as the Governor of California. *Pl.'s Proposed First Amended and Supplemental Compl.* at 8.

Lanigan-Commissioner of the New Jersey Department of Corrections, Steven Johnson-Administrator of New Jersey State Prison ("NJSP"), Warren[2]-Administrator of NJSP from 2011 to 2013, Stephen D'Ilio-Administrator of NJSP from 2013 to 2015, Norris[3]-Director of Operations and MCURC Chairperson at NJSP from 2014 to 2016, Melinda Haley-Special Legal Advisor at the Office of Legal and Regulatory Affairs, T. Maines-Assistant Superintendent and/or Associate Administrator of NJSP from 2014 to present, George Robinson-Assistant Superintendent and/or Associate Administrator at NJSP from 2013 to 2016, Lieutenant Major Ptaszenski-Custody Supervisor and Member of the MCU Review Committee from 2014 to the present.

## II.   Analysis

Pursuant to Fed.R.Civ.P.15(a)(2), leave to amend the pleadings is generally granted freely. *See Foman v. Davis,* 371 U.S. 178, 182 (1962); *Alvin v. Suzuki*, 227 F.3d 107, 121 (3d Cir. 2000). Nevertheless, the Court may deny a motion to amend where there is "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment." (Id.) However, where there is an absence of undue delay, bad faith, prejudice or futility, a motion for leave to amend a pleading should be liberally granted. *Long v. Wilson*, 393 F.3d 390, 400 (3d Cir. 2004).

An amendment is futile if it "is frivolous or advances a claim or defense that is legally insufficient on its face." *Harrison Beverage Co. v. Dribeck Imp., Inc.,* 133 F.R.D. 463, 468 (D.N.J. 1990) (internal quotation marks and citations omitted). To evaluate futility the District Court uses "the same standard of legal sufficiency" as applied for a motion to dismiss under Rule

---

[2] Plaintiff does not provide a first name.
[3] Plaintiff does not provide a first name.

12(b)(6). *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "Accordingly, if a claim is vulnerable to dismissal under *Rule 12(b)(6)*, but the plaintiff moves to amend, leave to amend generally must be granted unless the amendment would not cure the deficiency." (Id.)

Plaintiff argues that Defendants will not be prejudiced by the amendment. *Pl.'s Br. in Supp. of Mot*. at 6. Plaintiff notes that the non-moving party has the burden of showing unfair disadvantage or deprivation will result if the amendment is allowed. *Id*. (citing *In re Bristol-Myers Squibb Secs. Litig*., 228 F.R.D. 221, 228 (D.N.J. 2005). Plaintiff further notes that "the additional allegations pleaded in the complaint largely relate to the same facts as the claims in the original complaint." *Id*. at 7.

Plaintiff argues that the amendments are not futile "insofar as Plaintiff has fleshed out, or amplified, known factual bases for his claims against the present [D]efendants and against the [D]efendants the [P]laintiff seeks to add." *Id*. at 8.

Plaintiff argues that Defendants cannot show that Plaintiff acted in bad faith or with undue delay because there is "no evidence to indicate that Plaintiff's primary purpose in amending his complaint at this time is improper." *Id*. at 8-9. Plaintiff's counsel concedes that he has had to request several adjournments due to the difficulty of meeting with prisoners in the MCU. *Id*. at 9.

The Court finds that Plaintiff has plead sufficient facts to show that the motion to amend is not futile. When deciding if a motion to amend is futile, the Court looks at the four corners of the complaint and accepts as true all facts plead by Plaintiff. Plaintiff has plead facts from which the Court can draw the reasonable inference that Defendants are liable for the misconduct alleged.

Additionally, the Court finds that Plaintiff's motion to amend is not prejudicial to

Defendants.  The Court notes that pursuant to *In re Bristol-Myers Squibb Secs. Litig*., 228 F.R.D. 221, 228 (D.N.J. 2005), the burden is on the non-moving party to show that it will be prejudiced by the amendment.  The Court notes that Defendants have not filed opposition to Plaintiff's motion to amend, therefore, no arguments regarding prejudice to the Defendants have been made.

Finally, the Court finds that there has been no undue delay or bad faith by Plaintiff.  Although, the case is six years old, that is due to numerous motions and an appeal being filed as well as Plaintiff counsel's difficulty getting access to his client in the MCU.

### III. Conclusion

For the reasons set forth above, Plaintiff's Motion to Amend is GRANTED.  An appropriate Order follows.

Dated: May 17, 2017

s/  Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**